```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X
ORIX FINANCIAL SERVICES, INC.,     :
formerly known as ORIX CREDIT      :
ALLIANCE, INC.,                    :
                                   :
                    Plaintiff,     :     01 Civ. 1789
              -v-                  :     OPINION & ORDER
                                   :         Part I
JOSEPH F. KIELBASA,                :
                                   :
                    Defendant.     :
-----------------------------------X
```

APPEARANCES:

    For the Plaintiff:
        William M. Stein, Esq.
        1 Railroad Square
        Haverstraw, New York 10927

    For the Defendant:
        David A. Kapinsky & Associates, P.C.
        325 Broadway
        Suite 504
        New York, New York 10007
           Of Counsel:  James English, Esq.

**JOHN F. KEENAN**, United States District Judge.

**JOHN F. KEENAN, United States District Judge:**

**BACKGROUND**

Defendant Joseph Kielbasa ("Kielbasa") has moved pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to vacate a default judgment that was entered in May 2001, by former judge, the Hon. John Martin, in favor of Plaintiff Orix Financial Services, Inc. ("Orix"). This matter is before me as the Part One judge. For the following reasons, the motion is denied.

On March 1, 2001, Plaintiff Orix commenced this breach-of-contract action, brought in diversity, with the filing of a summons and complaint. Orix alleged that, under a personal guaranty executed by Defendant Kielbasa on November 21, 1995 (the "Guaranty"), Kielbasa owed Orix for all obligations due to Orix under a promissory note executed by Badger Front Wheel Drive Supply, Inc. ("Badger") for Orix's benefit. As a result of Badger's default on the promissory note, Orix alleged that Kielbasa owed Orix $290,861.79, plus post-maturity interest and attorneys' fees, as provided by the Guaranty.

Under the express terms of the Guaranty, Kielbasa designated C-A Credit Corp. ("C-A Credit") as an agent to accept service of process in New York. The Guaranty also provided that Orix agreed to notify Kielbasa of such service by certified mailing to Kielbasa, at the address listed by Kielbasa on the

Guaranty, within three days of service on C-A Credit. On the Guaranty, Kielbasa listed his address as "2940 Richardson Street, Madison, WI 53711" (the "Richardson Street address").

On March 12, 2001, the summons and complaint were served upon James Ward, an officer of C-A Credit. (Aff. of Orix Senior Vice-President Yvonne Kalpakoff in Opposition to Mot. to Vacate Default Judgment ("Kalpakoff Aff.") Ex. 1.) On the same day, Ward sent via regular mail a copy of the summons and complaint and a cover letter to Kielbasa at the Richardson Street address (Id. Ex. 2.)

Also on March 12, 2001, pursuant to the express provisions of the Guaranty, Joseph Corral, an Orix officer, sent via certified mail, return receipt requested, a copy of the summons and complaint and a cover letter to Kielbasa at the Richardson Street address. (Id. Ex. 3.) On March 28, 2001, the certified mail was signed for by "Jami Kielbasa". On the return receipt card, the Richardson Street address was crossed out and replaced by "3009 Tucson Trail, Madison, WI 53711" (the "Tucson Trail address") (Id. Ex. 4.)

Kielbasa did not answer the complaint. On May 9, 2001, Judge Martin granted Orix's application for a default judgment (the "Judgment").

On March 3, 2005, the Judgment was transcripted to the United States District Court for the Middle District of Florida.

On March 17, 2005, the Judgment was transcripted to the clerk of the court of Brevard County, Florida, where Kielbasa then resided. (Id. Ex. 5.) On April 12, 2005, Orix sent a copy of the Judgment to Kielbasa at his Florida address via Federal Express. (Id. Ex. 6.) On April 29, 2005, Orix sent another copy of the Judgment to Kielbasa at his Florida address via regular mail. (Id. Ex. 7.) That letter was not returned to Orix. Orix claims, and it is undisputed by Kielbasa, that when an Orix representative contacted Kielbasa in August 2005 to discuss the outstanding judgment, Kilebasa stated "that he was aware of the Judgment and that since he lived in Florida there was nothing the Plaintiff could do about the judgment. He even stated that he would be 'happy to pay you when hell freezes over but not a dime until then.'" (Id. ¶ 13.) On October 15, 2007, Kielbasa moved to vacate the default judgment. On November 27, 2007, I heard oral argument on the motion.

**DISCUSSION**

Kielbasa moves to vacate the Judgment pursuant to Rule 60(b)(4), for lack of personal jurisdiction, on the grounds that (i) the designation of C-A Credit as an agent for service of process did not comply with the relevant provisions of New York's Civil Practice Law and Rules ("CPLR"); and (ii) C-A Credit's transmission of the summons and complaint did not provide

Kielbasa with sufficient notice of the action.

Rule 60(b)(4) provides that a court may relieve a party from a final judgment "if the judgment is void." See Fed. R. Civ. P. Rule 60(b)(4). "A judgment obtained in the absence of in personam jurisdiction is void, and a court must vacate such a judgment." China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash, No. 96 Civ. 9553 1999 U.S. Dist. LEXIS 2674,, 1999 WL 126921, at *3 (S.D.N.Y. Mar. 9, 1999). "A motion predicated on subsection four [of Rule 60(b)] is unique . . . in that relief is not discretionary and a meritorious defense is not necessary as on motions made pursuant to other 60(b) subsections." Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998). A Rule 60(b)(4) motion must be made "within a reasonable time" after entry of the judgment. Fed. R. Civ. P. 60(b)(4). "Courts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.'" Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997) (citations omitted). Thus, the instant motion, though it arrives more than six years after the entry of the Judgment, is not time-barred.

*(i) Designation of C-A Credit as Agent*

Service upon individuals is governed by Rule 4(e),

5

which states that service of process may be effected either:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. Rule 4(e). Service in New York[1] is governed by CPLR § 308(3), which provides, in relevant part, that service of process may be made upon an individual "by delivering the summons within the state to the agent for service of the person to be served as designated under Rule 318."[2]

Kielbasa contends that Orix did not fulfill the requirements of sections 308(3) and 318 of the CPLR. Specifically, Kielbasa argues that the Guaranty, as the writing

---

[1] The Guaranty provides, and the parties agree, that this case is governed by New York law.

[2] Section 318, in turn, states: "A person may be designated by a natural person, corporation or partnership as an agent for service in a writing, executed and acknowledged in the same manner as a deed, with the consent of the agent endorsed thereon. The writing shall be filed in the office of the clerk of the county in which the principal to be served resides or has its principal office. The designation shall remain in effect for three years from such filing unless it has been revoked by the filing of a revocation, or by the death, judicial declaration of incompetency or legal termination of the agent or principal."

6

that designated C-A Credit as Kielbasa's agent, did not contain C-A Credit's signed endorsement; that there is no proof that the Guaranty was filed in the county clerk's office; and that the Guaranty was dated November 1995, more than three years prior to service of the complaint, and the designation of an agent remains in effect for only three years after the execution of the writing that designates the agent.

C-A Credit was a valid agent for acceptance of service of process on Kielbasa's behalf, despite non-compliance with the provisions of the CPLR. "It is well settled that parties to a contract 'may agree to service upon a third person with respect to litigation arising from the contract, even where that person is not an agent authorized under . . . CPLR 318.'" Orix Fin. Servs., Inc. v. First Choice Freight Sys., Inc., No. 03 Civ. 9296 (RMB), 2006 U.S. Dist. LEXIS 53394, at *8-9 (S.D.N.Y. Aug. 1, 2006) (quoting Orix Fin. Services, Inc. v. Baker, 1 Misc. 3d 288, 291 (N.Y. Sup. Ct. 2003); see also National Equip. Rental v. Szukhent, 375 U.S. 311 (1963). Here, it is undisputed that the Guaranty expressly designated C-A Credit as Kielbasa's agent for acceptance of service of process in New York. Thus, C-A Credit was a valid agent, despite C-A Credit's non-compliance with technical provisions of CPLR section 318.

*(ii) Kielbasa's Notice*

Kielbasa argues that he did not receive sufficient

7

notice of the action.  The affirmation of Kielbasa's attorney, James English, Esq. in support of Kielbasa's motion, states that "C-A Corp. did not transmit the [summons and complaint] to Defendant." (Def. Aff. ¶ 20).  The affirmation also states that C-A Credit "did not promptly transmit Summons and Complaint to Defendant or in any way put Defendant on notice of the action." (Id. ¶ 19.)  Further, at oral argument, Mr. English stated that Jami Kielbasa, who is Kielbasa's ex-wife and who was separated from Kielbasa at the time she signed for and accepted on Kielbasa's behalf the certified mailing of the summons and complaint, never forwarded a copy of the summons and complaint to Kielbasa.

To meet due process requirements, notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Cheyenne Autumn, Inc. v. Mine & Bill's, No. 94 Civ. 4011 1995 U.S. Dist. LEXIS 8415,, 1995 WL 366388,  at *4 (S.D.N.Y. June 19, 1995) (quoting Mullane v. Central Hanover Bank, 339 U.S. 306, 311 (1950)).  When the agent for service of process is appointed by contract, as here, "'the requirements of due process are deemed met when the 'agent' promptly accepts the summons or process, and promptly transmits it or notice thereof to the principal.'" Baker, 1 Misc. 3d at 291 (quoting Board of Education v. Half Hollow Hills

Teachers Assoc., 79 Misc. 2d 223, 227 (N.Y. Sup. Ct. 1974)).

The defendant relies primarily on Baker for the proposition that service in this case was improper. Baker involved similar actors: the plaintiff, seeking to collect on a default judgment, was Orix, and the agent, designated by contract for accepting service of process, was C-A Credit. In Baker, the court found that "Orix's method of serving papers upon nonresidents, i.e., by depositing the papers with C-A Credit Corp., with no claim that C-A Credit Corp. sent the material to defendants or was under any duty to do so, does not comport with the traditional notions of fair play and substantial justice necessary to establish personal jurisdiction." Id. at 292 (internal quotation marks and citation omitted). Here, however, Orix has provided documentary evidence that C-A Credit promptly sent a copy of the summons and complaint to Kielbasa, along with a cover letter. (See Letter from C-A Credit, Mar. 12, 2001, attached as Ex. 3 to Kalpakoff Aff.) In addition, Orix has provided undisputed proof that, pursuant to the express terms of the Guaranty, Orix sent notice of its service on C-A Credit, along with a copy of the summons and complaint, to Kielbasa via certified mail.

Moreover, Kielbasa has made no personal declaration to dispute the fact that he timely received a copy of the summons and complaint. In his affidavit, Kielbasa states only that "C-A

9

Credit Corp. . . . did not promptly transmit Summons and Complaint to me or in any way put me on notice of the action." (Affidavit of Joseph F. Kielbasa in Support of Defendant's Motion to Vacate Default Judgment ("Kielbasa Aff.") ¶ 17.)  In addition, although defense counsel stated at oral argument that Kielbasa moved from the Richardson Street address in 1999, Kielbasa has provided no such statement in his affidavit and has not claimed that the Richardson Street address was invalid in March 2001, when the summons and complaint were mailed to him.  Although Orix and C-A Credit could have made more assiduous efforts to ensure that the Richardson Street address was indeed a valid address for Kielbasa in March 2001, once Orix learned on March 28, 2001 that the mailing to the Richardson Street address had been accepted and signed for on the defendant's behalf by an individual with the same surname, Orix was justified in believing that notice had been properly given to Kielbasa under the terms of the Guaranty. Thus, because Orix's certified mailing complied with the terms of the Guaranty, and because Kielbasa has not denied actually receiving timely notice of the action or offered any evidence to rebut Orix's documentary proof that C-A Credit promptly transmitted service of process, vacatur of the Judgment is unwarranted. See Mastec Latin Am. v. Inepar S/A Industrias E Construcoes, No. 03 Civ. 9892 (GBD), 2004 U.S. Dist. LEXIS 13132, at *10-11 (S.D.N.Y. July 13, 2004) (finding that defendant was properly served according to terms of contract where defendant

failed to deny receiving timely notice of action or otherwise dispute that service was effected in accordance with contract); see also Orix Credit Alliance, Inc. v. Hamrick, No. 90 Civ. 7012 (JFK), 1991 U.S. Dist. LEXIS 3132, at *11 (S.D.N.Y. Mar. 18, 1991) (finding service proper because "Plaintiff . . . complied with the specific provisions of the Guaranty" by serving registered agent and mailing notice of service via registered mail to defendant along with a copy of the summons and complaint within three days of service on the agent). Compare First Choice Freight Sys., Inc., 2006 U.S. Dist. LEXIS 53394 (vacating default judgment on the ground that service of process through a registered agent did not comport with due process because defendants offered proof that agent mailed process to an incorrect address, and affirmatively stated that they did not receive notice of the suit until long after its commencement).

## CONCLUSION

For the foregoing reasons, the defendant's motion to vacate the Judgment is DENIED.

Dated: New York, New York
December 3, 2007

*John F. Keenan*

**JOHN F. KEENAN**
United States District Judge